IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JAY GRISWOLD and KAREN SABRINA GRISWOLD, as co-administrators and co-personal representatives of Austin Griswold's estate, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:20cv149-MHT (WO) |
| ALABAMA POWER COMPANY, | ) ) | |
| Defendant. | ) | |

ORDER

Upon review of the pending motion to dismiss, it came to the court's attention that the allegations of the plaintiffs' complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per

curiam).*    The   allegations   must   show   that   the citizenship of each plaintiff is different from that of each defendant.  *See* 28 U.S.C. § 1332; see also 2 James Wm.   Moore,   et   al.,   Moore's   Federal   Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The    plaintiffs'   complaint   fails   to   meet   this standard.   The plaintiffs have sued in their capacity as  personal  representatives  for  the  estate  of  the decedent.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same   State   as   the   decedent   ...."     28   U.S.C. § 1332(c)(2).   An  allegation  that  a  party  is  a "resident" of a State is not sufficient to establish that  a  party  is  a  "citizen"  of  that  State.   *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citation

_____

* In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals  adopted  as  binding  precedent  all  of  the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

omitted); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th
Cir. 1994) ("Citizenship, not residence, is the key
fact that must be alleged in the complaint to establish
diversity for a natural person."). Because the
complaint sets forth the "residence" rather than the
"citizenship" of decedent Austin Griswold, it does not
adequately establish the ground for this court to
assume jurisdiction of this matter.

As jurisdiction has not been properly pleaded, the
court will deny the motion to dismiss without prejudice
and with leave to renew.


***

It is therefore the ORDER, JUDGMENT, and DECREE of
the court that the plaintiffs have until September 28,
2021, to amend the complaint to allege jurisdiction
sufficiently; otherwise this lawsuit shall be dismissed
without prejudice.

It is further ORDERED that the motion to dismiss

(Doc. 18) is denied without prejudice and with leave to renew by two weeks after the date of the filing of the amended complaint.

DONE, this the 14th day of September, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4